Filed 4/30/21  P. v. Reese CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B301473 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA230274) |
| v. | |
| CLARENCE ERVIN REESE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kristen J. Inberg and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

In 2004, a jury convicted defendant and appellant Clarence Ervin Reese of first degree felony murder, attempted carjacking, and burglary, and found true the special circumstance allegations that the murder was committed while Reese was engaged in the commission of attempted carjacking and burglary. This Division affirmed Reese's judgment in 2007. In 2019, after passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Reese petitioned for vacation of his murder conviction and resentencing pursuant to Penal Code section 1170.95.[1] The trial court denied the petition, concluding that, in light of this Division's 2007 opinion, Reese was a major participant in the carjacking and burglary who acted with reckless indifference to human life, and therefore was ineligible for relief. As an independent ground, the court ruled that Senate Bill 1437—which enacted section 1170.95—was unconstitutional. Because the existence of the jury's special circumstance finding precludes relief as a matter of law, we affirm the court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Reese's felony-murder conviction*[2]

In January 2002, Vuthipong Sanguansukdikosol lived in a Los Angeles apartment building with a gated garage. On the afternoon of January 30, 2002, Sanguansukdikosol opened the

---

[1] All further undesignated statutory references are to the Penal Code.

[2] We derive the factual and procedural background in part from this Division's prior opinion in this matter, of which we have taken judicial notice at the People's request. (Evid. Code, §§ 451, 452, 459.) In light of our disposition of this matter, we only give a brief summary of the evidence regarding the murder.

gate and drove into the garage to drop off his two young sons. Sixteen-year-old Reese and his accomplice, Juan Saucedo, also entered the garage. Once the victim's sons left the garage in an elevator, Saucedo and Reese went to opposite sides of Sanguansukdikosol's car and attempted to carjack him. One of them shot and killed Sanguansukdikosol during the unsuccessful attempt to take the car. The youths then fled. Saucedo convinced a passing motorist to give him and Reese a ride for a short distance away from the scene. While in the car, Reese held an object, wrapped in a sweater, in his hand.

According to Reese's subsequent statements to a police detective, he and Saucedo, both members of the Culver City gang, had planned to steal a vehicle. Reese had a screwdriver for that purpose. Once in the apartment building's garage, they considered stealing a van, but it had an alarm. Reese wanted to leave, but Saucedo told him they would take Sanguansukdikosol's vehicle. Saucedo displayed a gun and demanded that Sanguansukdikosol give him the car. When Sanguansukdikosol began honking the horn and yelling for police, Saucedo fatally shot him. Reese gave conflicting accounts to the detective regarding when he first learned Saucedo had a gun.

The People prosecuted Reese for murder on a felony-murder theory. The jury found him guilty of first degree murder (§ 187, subd. (a)), attempted carjacking (§§ 664, 215, subd. (a)), and first degree burglary (§ 459). It found true special circumstance allegations that the murder was committed while Reese was engaged in the commission of attempted carjacking and burglary. (§ 190.2, subd. (a)(17)(L), (G).)[3]

---

[3] The jury also found true allegations that a principal personally and intentionally used and discharged a firearm

3

The trial court exercised its discretion pursuant to section 190.5, subdivision (b), to sentence Reese on count 1 to 25 years to life in prison rather than life without parole (LWOP). It reasoned that, although there was "significant and substantial evidence" to support the verdicts, mitigating factors existed. Reese had turned 16 only 16 days before the offenses; he was not the actual shooter; he was not "the architect of this plan and plot"; and his criminal history was nonviolent.[4]

In 2007, a different Division of this court affirmed Reese's judgment. (*People v. Reese* (March 2, 2007, B186147) [nonpub. opn.].) Among other things, the court concluded that sufficient evidence supported the first-degree murder verdict and special circumstance findings. The California Supreme Court denied review.

---

during the offenses, proximately causing the victim's death. (§ 12022.53, subds. (b), (c), (d), (e)(1).) However, section 12022.53 enhancements apply to a principal only if a gang enhancement is found true. (§ 12022.53, subd. (e)(1)(A).) Because the People dismissed gang enhancement allegations before the jury rendered its verdicts, the court vacated the jury's findings on the section 12022.53 allegations.

[4] The sentences on the other counts were stayed pursuant to section 654.

2. *Section 1170.95 petition*

In March 2019, after passage of Senate Bill 1437, Reese filed a handwritten petition for vacation of his murder conviction and resentencing. In the petition and supporting documents, Reese asserted that he had been convicted under a felony-murder theory, was not the actual killer, did not have the intent to kill, was not a major participant in the crimes who acted with reckless indifference to human life, and could not now be convicted of murder because of amendments effectuated by Senate Bill 1437. He also pointed out that he was only 16 years old at the time of the crimes.

The trial court appointed counsel for Reese. Counsel thereafter filed two briefs in support of the petition. In the first, counsel argued Senate Bill 1437 was constitutional. In the second, counsel argued that Reese was eligible for section 1170.95 relief given that he was tried on a felony-murder theory, was not the actual shooter, did not have the intent to kill, and was not a major participant in the underlying offenses who acted with reckless indifference to human life, as those terms were construed in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

On September 23, 2019, the People filed an opposition to the petition. Therein, they argued that section 1170.95 was "both facially inapplicable to this case and unconstitutional." As to the former point, the People argued that because the jury found Reese was a major participant in the underlying offenses who acted with reckless indifference to human life, and the evidence was sufficient on this point, the murder conviction remained valid even after passage of Senate Bill 1437. In support, the

5

People filed excerpts from the trial transcripts and the jury instructions.

On the same date the People filed their opposition,[5] the trial court heard argument and denied the petition. The court explained that it had reviewed the record and this Division's 2007 opinion in the matter. Based on the "overall evidence" and the analysis in this Division's 2007 opinion, the court found there was substantial evidence Reese was a major participant who acted with reckless indifference, and was therefore ineligible for resentencing under section 1170.95. During argument, the court opined that the case was "very close." Although the Reporter's Transcript is somewhat garbled, it appears the court weighed evidence that Reese was armed with a screwdriver and saw the gun beforehand, but did not know Saucedo would use the gun. Nonetheless, the court explained it "went with the language of the Court of Appeal decision." Defense counsel argued that the circumstances underlying the trial court's decision to sentence Reese to 25 years to life, rather than LWOP, indicated that Reese was not a major participant who acted with reckless indifference under current law. The court responded that it was aware of the trial court's ruling, but "I did work off the Court of Appeal decision and their language in there." As a second and independent ground for its ruling, the court found that Senate Bill 1437 was unconstitutional.

Reese timely appealed.

---

[5] Although the court ruled before the defense had an opportunity to reply to the People's opposition, it does not appear from the record that defense counsel requested such an opportunity.

6

# DISCUSSION

1. *Senate Bill 1437*

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure that a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323 (*Verdugo*), review granted March 18, 2020, S260493; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749–750, 763, review granted Nov. 26, 2019, S258234.)  Prior to Senate Bill 1437's enactment, under the felony-murder rule "a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state." (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247–248; *People v. Powell* (2018) 5 Cal.5th 921, 942.)  " ' "The felony-murder rule impute[d] the requisite malice for a murder conviction to those who commit[ted] a homicide during the perpetration of a felony inherently dangerous to human life." ' " (*Lamoureux*, at p. 248.)

Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*People v. Gentile*, *supra*, 10 Cal.5th at p. 842.)

7

Senate Bill 1437 also added section 1170.95, which created a procedure whereby persons convicted of murder under a now-invalid felony-murder or natural and probable consequences theory may petition for vacation of their convictions and resentencing. A defendant is eligible for relief under section 1170.95 if he meets three conditions: he (1) must have been charged with murder by means of a charging document that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) must have been convicted of first or second degree murder, and (3) could no longer be convicted of first or second degree murder due to changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1170.95, subd. (a).)

Evaluation of a section 1170.95 petition requires a multi-step process: an initial review to determine the petition's facial sufficiency; a prebriefing, " 'first prima facie review' " to preliminarily determine whether the petitioner is statutorily eligible for relief as a matter of law; and a second, postbriefing prima facie review to determine whether the petitioner has made a prima facie case that he or she is entitled to relief. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897 (*Tarkington*), review granted Aug. 12, 2020, S263219; *Verdugo, supra*, 44 Cal.App.5th at pp. 327–330, rev.gr.)

When conducting the first prima facie review, the court must determine, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief as a matter of law, i.e., whether he or she was convicted of a qualifying crime, pursuant to the natural and probable consequences doctrine or a felony-murder theory. (*Tarkington, supra*, 49 Cal.App.5th at

pp. at pp. 897–898, rev.gr.; *Verdugo, supra,* 44 Cal.App.5th at pp. 329–330, rev.gr.)  If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may summarily deny the petition without appointing counsel.  (*Tarkington*, at pp. 898, 900–902; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1173 (*Torres*), review granted June 24, 2020, S262011; *Verdugo*, at p. 332; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598.)

If, however, the petitioner's ineligibility is not established as a matter of law, the court must appoint counsel and permit briefing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief.  (*Verdugo, supra,* 44 Cal.App.5th at p. 330, rev.gr.; *Tarkington, supra,* 49 Cal.App.5th at p. 898, rev.gr.)  If the petitioner makes such a showing, the court must issue an order to show cause and conduct a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts.  (§ 1170.95, subds. (c), (d); *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166.)  At that hearing, the prosecution has the burden to prove, beyond a reasonable doubt, that the defendant is ineligible for resentencing.  (§ 1170.95, subd. (d)(3); *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 243–244, review granted March 10, 2021, S266652; *People v. Lopez* (2020) 56 Cal.App.5th 936, 951, review granted Feb. 10, 2021, S265974.)

2. *Senate Bill 1437 is constitutional*

The parties agree, as do we, that to the extent the court denied the petition on the ground Senate Bill 1437 is unconstitutional, it erred.  Appellate courts have uniformly rejected challenges to Senate Bill 1437's constitutionality.  (See, e.g., *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275, 286; *People v. Lamoureux*, *supra*, 42 Cal.App.5th at pp. 246, 251–264.)  As there is no dispute on this point, we do not further address the issue.

3. *The petition was properly denied because Reese is ineligible for relief as a matter of law*

Reese contends that the court erred by basing its denial on this Division's 2007 opinion, which, in his view, did not establish his ineligibility as a matter of law.  Instead, he argues, a court cannot weigh the evidence to determine whether a petitioner was a major participant who acted with reckless indifference without issuing an OSC and holding an evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).  In his view, the jury's true findings on the special circumstance allegations do not preclude relief because they predated *Banks* and *Clark* and, applying the factors set forth in those authorities, the evidence failed to prove he was a major participant who acted with reckless indifference.

The People, on the other hand, argue that the special circumstance findings preclude relief as a matter of law, despite the fact they predated *Banks* and *Clark*.  Further, they argue, even if a pre-*Banks/Clark* special circumstance is not preclusive as a matter of law, the trial court properly conducted the "purely legal analysis" of whether the evidence showed Reese was a major participant who acted with reckless indifference.  We agree with the People's former argument.

10

To the extent the trial court conducted its own evaluation of the evidence to determine that Reese was a major participant who acted with reckless indifference, such analysis was premature.  A court may not evaluate the facts of the crime and weigh the evidence until it conducts a hearing pursuant to section 1170.95, subdivision (d)(3).  (See *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted April 28, 2021, S267802 [when determining whether petitioner has made prima facie showing of entitlement to relief, court may not engage in factfinding; the authority to make such determinations without conducting an evidentiary hearing is limited to readily ascertainable facts from the record]; *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 [court should not have engaged in factfinding without first issuing an OSC and allowing the parties to present evidence at a hearing]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 [at prima facie stage, court "may not evaluate the evidence, make credibility findings adverse to the petitioner, engage in factfinding or exercise discretion."].)

Nonetheless, the court's misstep is harmless, because the special circumstance findings preclude section 1170.95 relief as a matter of law.  We " 'review the ruling, not the court's reasoning, and if the ruling was correct on any ground, we affirm.' " (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.)

To be eligible for resentencing, Reese was required to show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189" made by Senate Bill 1437.  (§ 1170.95, subd. (a)(3).)  Under section 189, as amended, a defendant can be convicted of felony murder if he was the actual killer; acted as a direct aider and abettor with the intent to kill; or was a major participant in the underlying felony and acted

11

with reckless indifference to human life.  (§ 189, subd. (e); *People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978.)

Reese's jury found true two special circumstances: that the murder was committed while he was engaged in the crimes of attempted carjacking and burglary.  (§ 190.2, subd. (a)(17)(L), (G).)  It was instructed that if Reese was not the actual killer (or if it could not determine whether he was), it could not find the special circumstances true unless it was satisfied beyond a reasonable doubt that he, with the intent to kill, directly aided and abetted the murder; or, with reckless indifference to human life and as a major participant, aided and abetted the underlying offenses of carjacking or burglary.

Thus, the jury's findings on the special circumstance allegations make Reese ineligible for resentencing as a matter of law.  "The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437.  In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations].  By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law.  Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People*

12

*v. Galvan* (2020) 52 Cal.App.5th 1134, 1140–1141 (*Galvan*), review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854 (*Jones*); *People v. Gomez* (2020) 52 Cal.App.5th 1, 15 (*Gomez*), review granted Oct. 14, 2020, S264033; *People v. Murillo, supra*, 54 Cal.App.5th at p. 167, rev.gr.; *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*); *People v. Nunez* (2020) 57 Cal.App.5th 78, 91, review granted Jan. 13, 2021, S265918 (*Nunez*).)

As noted, Reese argues that the jury's special circumstance findings are not preclusive in his case, because they predated our Supreme Court's decisions in *Banks* and *Clark*. "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*Gomez, supra*, 52 Cal.App.5th at p. 13, fn. 5, rev.gr.)

The appellate courts are split on the question of whether a pre-*Banks* and *Clark* special circumstance finding makes a petitioner ineligible for section 1170.95 relief as a matter of law.[6] (See *Jones, supra*, 56 Cal.App.5th at pp. 478–479, rev.gr. [collecting cases].) Some courts have concluded that such a special circumstance does not, by itself, render a petitioner ineligible for relief. (*Torres, supra*, 46 Cal.App.5th at p. 1178,

---

**6** Our Supreme Court is currently considering the question. (*People v. Strong*, S266606, review granted March 10, 2021.)

13

rev.gr.; *People v. Harris*, *supra*, 60 Cal.App.5th at pp. 956–958, rev.gr.) *Torres* reasoned that *Banks* and *Clark* "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*Torres*, at p. 1179.) "Accordingly, in determining if [petitioner] could be convicted today of first degree murder, we cannot simply defer to the jury's pre-*Banks* and *Clark* factual findings that [petitioner] was a major participant who acted with reckless indifference to human life as those terms were interpreted at the time." (*Ibid.*) "No court has affirmed the special circumstances findings at issue post-*Banks* and *Clark*. There is therefore a possibility that [the petitioner] was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of [the petitioner's] constitutional right to due process." (*Id.* at p. 1180, fn. omitted; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954 [pre-*Banks/Clark* special circumstance finding "cannot preclude eligibility for relief under . . . section 1170.95 *as a matter of law*, because the factual issues that the jury was asked to resolve" in such a case "are not the same factual issues our Supreme Court has since identified as controlling."]; *People v. Harris*, at pp. 957–958 [pre-*Banks/Clark* special circumstance finding, without more, does not preclude relief under section 1170.95]; *People v. Secrease* (April 19, 2021, A158342) __ Cal.App.5th __ [2021 Cal.App.Lexis 326, *37].)

As noted, other courts hold that a pre-*Banks* and *Clark* special circumstance finding bars section 1170.95 relief as a matter of law. They reason that section 1170.95 was not meant to be an avenue for a collateral attack on the sufficiency of the

evidence to support a special circumstance finding (see, e.g., *Allison*, *supra*, 55 Cal.App.5th at pp. 453, 461), and a defendant seeking to challenge the sufficiency of the evidence to prove a pre-*Banks* and *Clark* major participant or reckless indifference finding must do so via a petition for writ of habeas corpus. (*Gomez*, *supra*, 52 Cal.App.5th at pp. 16–17, rev.gr.; *People v. Galvan*, *supra*, 52 Cal.App.5th at p. 1137, rev.gr.; *Jones*, *supra*, 56 Cal.App.5th at p. 483, rev.gr.; *Nunez*, *supra*, 57 Cal.App.5th at p. 96, rev.gr.)

In support of this view, some cases point out that *Banks* and *Clark* did not state a new rule of law, but merely clarified the already-existing meaning of "major participant" and "reckless indifference," terms that do not have specialized definitions and are interpreted as used in common parlance. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, rev.gr.; *Nunez*, *supra*, 57 Cal.App.5th at p. 92, rev.gr.; *Allison*, *supra*, 55 Cal.App.5th at pp. 458–459.) While optional language was added to the pattern jury instructions after *Banks* and *Clark*, "no mandatory language or material changes were made to the CALCRIM special circumstance instructions," and there is no requirement that juries be instructed on the *Banks/Clark* clarifications. (*Nunez*, at pp. 92–93; *Jones*, at p. 484; *Allison*, at pp. 458–459.) Thus, the argument that a pre-*Banks/Clark* special circumstance finding must be presumed invalid exaggerates the impact of *Banks* and *Clark*. (See *Allison*, at p. 458; *Jones*, at p. 484.) There is "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards." (*Nunez*, at p. 94).

15

Additionally, this line of authority reasons that the *Torres/Smith/York* approach is inconsistent with the plain language of section 1170.95, because a defendant claiming ineligibility based on *Banks* and *Clark* does not meet the statutory requirement that he or she cannot be convicted *because of* changes to sections 188 or 189 made by Senate Bill 1437. (*Jones, supra*, 56 Cal.App.5th at p. 484, rev.gr.) "In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) [¶] . . . Although [petitioner] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life." (*Galvan, supra*, 52 Cal.App.5th at p. 1142, rev.gr.; *People v. Murillo, supra*, 54 Cal.App.5th at p. 168, rev.gr.; *Allison, supra*, 55 Cal.App.5th at p. 460; *Nunez, supra*, 57 Cal.App.5th at pp. 94–95, rev.gr.)

Further, in concluding that the proper vehicle to challenge a pre-*Banks* and *Clark* special circumstance finding is a petition for writ of habeas corpus, courts point to the different burdens involved in a habeas petition and a section 1170.95 petition. A defendant challenging a pre-*Banks/Clark* special circumstance finding on direct appeal or by means of a writ of habeas corpus

16

must show that the record contains insufficient evidence to prove he or she acted as a major participant or with reckless indifference. (*Jones*, *supra*, 56 Cal.App.5th at p. 485, rev.gr.; *Galvan*, *supra*, 52 Cal.App.5th at pp. 1142–1143, rev.gr.; *Gomez*, *supra*, 52 Cal.App.5th at p. 17, rev.gr.) "By contrast, a petitioner who demonstrates a prima facie case for relief under section 1170.95 has shifted the burden to the People to prove beyond a reasonable doubt that they are ineligible for resentencing (that is, they still *could be* convicted of murder despite the change to the felony-murder rule in § 189). [Citation.] . . . . [T]he *Torres*/*Smith*/*York* line of cases would read into section 1170.95 a new procedure allowing petitioners to ignore a special circumstance finding—no matter how well supported in the record—as well as the recognized method of challenging it. Such petitioners would be allowed to relitigate a prior jury finding at an evidentiary hearing where the prosecution bears the burden of proving the truth of the finding, beyond a reasonable doubt, a second time." (*Jones*, at p. 485.) Allowing petitioners to challenge a special circumstance finding via a section 1170.95 petition would give them an advantage over similarly situated defendants, based on the date of their convictions. (*Galvan*, at pp. 1142–1143; see *Nunez*, *supra*, 57 Cal.App.5th at pp. 96–97, rev.gr.)

Such a procedure is inconsistent with the Legislature's intent. "The Legislature made plain that its purpose in enacting section 1170.95 was to give defendants the benefit of the amendments to sections 188 and 189 in the absence of a factual basis for a murder conviction in light of the statutory revisions. But there is no indication in the statute's text or history of any legislative intent to permit defendants to challenge their murder

17

convictions by attacking prior findings of fact." (*People v. Nunez*, *supra*, 57 Cal.App.5th at p. 95, rev.gr.) "Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding. In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance. Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*. The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison, supra,* 55 Cal.App.5th at p. 461.)

We conclude that the cases holding that a special circumstance finding precludes relief as a matter of law are more persuasive.[7] Accordingly, we conclude that the trial court correctly denied Reese's section 1170.95 petition because he is ineligible for relief as a matter of law.

---

[7] If Reese believes the evidence was insufficient, after *Banks* and *Clark*, to support the special circumstance finding, he is not without a remedy, as he may bring a petition for writ of habeas corpus. (See *In re Scoggins* (2020) 9 Cal.5th 667, 673–674.) We express no opinion on whether such a petition might be successful.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

I concur:

ADAMS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

LAVIN, J., Dissenting:

The jury's 2004 felony-murder special-circumstance findings do not necessarily preclude relief under Penal Code [1] section 1170.95 in light of the Supreme Court's subsequent clarification in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) of the requirements for finding a felony-murder special-circumstance allegation true. (See *People v. Harris* (2021) 60 Cal.App.5th 939, 959.) Further, as explained in *Harris*, a section 1170.95 petition challenges the murder conviction, not the special circumstance finding. (*Id.* at p. 956; see also *People v. York* (2020) 54 Cal.App.5th 250, 260 (*York*), review granted Nov. 18, 2020, S264954 ["section 1170.95 permits a petitioner to challenge a *murder conviction*. If that challenge succeeds, then under section 1170.95, subdivision (d)(3), the special circumstance is vacated as a collateral consequence"].)

I also disagree with the Attorney General's argument, raised for the first time on appeal, that section 1170.95 relief is available only if a jury's felony-murder special-circumstance findings have been successfully overturned by a habeas petition. As observed by the court in *York* in rejecting this argument, "We find it significant that the Legislature made no provision for the consequence of a prior finding by a court or a jury that a petitioner *was* a major participant and *did* act with reckless indifference to human life. If the Legislature had intended such a finding automatically to preclude eligibility for relief, it could have said so." (*York, supra*, 54 Cal.App.5th at pp. 260–261,

---

[1] Undesignated statutory references are to the Penal Code.

review granted, fn. omitted; see *People v. Smith* (2020) 49 Cal.App.5th 85, 94, review granted July 22, 2020, S262835 ["[t]here is no corresponding provision indicating that a jury's prior special circumstance true finding, or a Court of Appeal's affirmation thereof, operates as an automatic statutory bar to eligibility"]; see also *People v. Murphy* (2001) 25 Cal.4th 136, 159 ["the Legislature has shown that when it wants a sentence calculated without consideration of some circumstance, it knows how to use language clearly expressing that intent"].)

I also note that the evidence of Clarence Reese's reckless indifference to human life, when viewed in light of *Banks* and *Clark*, is not clear. For example, Reese was not armed with a firearm, there was no evidence that Reese knew the victim had been fatally shot by Juan Saucedo when Reese fled from the garage, and the attempted carjacking and burglary only lasted a few minutes. In addition, although Reese knew—either before he got to the garage or during the actual attempted carjacking—Saucedo had a firearm, there was no evidence that Reese knew Saucedo would fire the weapon or that Saucedo had used violence in the past. And although Reese and Saucedo intended to steal a vehicle from the garage, it appears that Saucedo spontaneously decided to carjack the victim's car after Reese and Saucedo were unsuccessful in stealing a van.

In short, fact-finding following an evidentiary hearing is necessary to determine whether Reese could be convicted of felony murder under the current version of section 189, subdivision (e), and, therefore, is ineligible for relief under section 1170.95. And on this record, we cannot know, what, if any, additional evidence might have been presented had the trial

court followed the requirements of section 1170.95, subdivisions (c) and (d). I therefore respectfully dissent.

LAVIN, J.